UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | |
|---|---|
| BUSINESS LENDERS, LLC, )<br>        Plaintiff, )<br>   v. )<br>       )<br>RITANNE CAVANAUGH GAZAK, )<br>GAZAK, LLC and STEPHEN J. GAZAK, )<br>        Defendants. ) | Civil No. 05-50-B-C |

**RECOMMENDED DECISION ON PLAINTIFF'S MOTION TO REMAND
AND DEFENDANTS' MOTION TO DISMISS**

On or about February 10, 2005, Business Lenders, LLC commenced an action in the State of Maine District Court to collect a debt allegedly owed by Ritanne Cavanaugh Gazak, Stephen J. Gazak and Gazak, LLC, arising out of a small business loan and related guarantees and to foreclose on certain Maine properties mortgaged by the Gazaks in connection with the same. Business Lenders is a Delaware corporation with a principal place of business in New Jersey. According to the complaint, Ritanne Cavanaugh Gazak is a resident of Machiasport[1] and Stephen J. Gazak is a resident of Pennsylvania. Gazak, LLC is alleged to be a New Jersey corporation. Three parcels of real estate allegedly pledged as collateral for the note are situated in northern Maine. The Gazaks, proceeding *pro se*, removed the action to this court on March 24, 2005, asserting subject matter jurisdiction based on diversity of citizenship. The following week, on March 31, 2005, the defendants moved to dismiss the case on various grounds that defy succinct restatement. Thereafter, in addition to opposing the Gazaks' motion to dismiss,

---

[1] In the removal petition Ritanne Cavanaugh Gazak is identified as a resident of Pennsylvania and the plaintiff does not contest this point. In any event Business Lenders is itself a foreign corporation according to its own pleadings so there appears to be no issue vis-à-vis complete diversity of the parties.

Business Lenders moved to remand the case on April 21, 2005.  I recommend that the court deny both the motion to dismiss and the motion to remand.

## Jurisdictional Facts

According to the complaint, the promissory note signed by the defendants was in the principal sum of $145,000, but only $68,645.52 remained outstanding as of the date of the defendants' alleged default.  The complaint recites $74,053.12 as the amount due as of January 20, 2005, which figure includes interest, all late fees accrued as of the demand date and an appraisal fee.  The terms of the note permit Business Lenders to demand repayment of or to add to principal a reasonable attorney's fee incurred in order to collect on the note and Business Lenders has requested in its complaint that any award it receives include a reasonable attorney's fee.  (Compl., Ex. B, ¶ 7.)

## Discussion

Before addressing the defendants' motion to dismiss, it is necessary to determine whether the court has subject matter jurisdiction over the case.  I therefore address Business Lenders' motion to remand first.

> Congress granted subject matter jurisdiction to the district courts over "all civil actions where the matter in controversy exceeds the sum or value of $ 75,000" provided that complete diversity exists between the parties.  28 U.S.C. § 1332(a); Strawbridge v. Curtiss, 7 U.S. 267, 3 Cranch 267, 2 L. Ed. 435 (1806).  In questions of federal jurisdiction, "the party invoking the jurisdiction of a federal court carries the burden of proving its existence." Coventry Sewage Assocs. v. Dworkin Realty Co., 71 F.3d 1, 4 (1st Cir. 1995) (quoting Taber Partners, I v. Merit Builders, Inc., 987 F.2d 57, 60 (1st Cir. 1993)).  Because the Defendant removed to this Court, the burden is on the Defendant to demonstrate that the amount in controversy exceeds $ 75,000.

Doughty v. Hyster New England, Inc., 344 F. Supp. 2d 217, 218 (D. Me. 2004).  According to Business Lenders:

> There is apparently diversity of citizenship . . . . However, the defendants have not provided any evidence suggesting that the amount in controversy in the current matter exceeds the sum or value of $75,000, exclusive of interest and costs, and the complaint filed by Business Lenders, which alleges that the principal amount due under the Note is $68,645.52, shows that, in fact, the amount in controversy is less than the jurisdictional amount.

(Mot. to Remand, Docket No. 12, at 3.) As previously related, the amount of Business Lenders' demand, including contractual interest up to the date the complaint was filed, is $74,053.12. Inclusion of contractual interest is appropriate because interest accruing on a note prior to its maturity is customarily included in the amount in controversy. Bailey Employment Sys., Inc. v. Hahn, 655 F.2d 473, 474 n.1 (2d Cir. 1981). The "interest" that is excluded under § 1332(a) is generally statutory interest, or "interest imposed as a penalty for delay in payment" as compared with "interest exacted as the agreed upon price for the hire of money," which is not to be excluded. Brainin v. Melikian, 396 F.2d 153, 154 (3d Cir. 1968). In addition to the amount set forth in Business Lenders' demand, the court should also include a reasonable estimation of Business Lenders' attorney's fees because in cases "where a litigant has a right, based on contract, statute, or other legal authority, to an award of attorney's fees if he prevails in the litigation, a reasonable estimate of those fees may be included in determining whether the jurisdictional minimum is satisfied." Sarnoff v. Am. Home Prods. Corp., 798 F.2d 1075, 1078 (7th Cir. 1986); see also St. Hilaire & Assoc., Inc. v. Harbor Corp., 607 A.2d 905, 906-07 (Me. 1992) (vacating lower court's refusal to enforce a contractual attorney's fees provision in commercial contract and remanding for consideration of what constitutes a reasonable fee award). Although the *pro se* Gazaks have failed to oppose the motion to remand on the basis that the possibility of an award of attorney fees places more than $75,000 into controversy, I am comfortable concluding that, should Business Lenders prevail, it will incur greater than $946.88

in reasonable attorney's fees.  Accordingly, I recommend that the court deny the motion to remand.

In their motion to dismiss, the Gazaks maintain that the complaint fails to state a claim for which relief may be granted and therefore must be dismissed.  (Mot. to Dismiss, Docket No. 6, at 2.)  In deciding the motion, the court must "accept as true the well-pleaded factual allegations of the complaint, draw all reasonable inferences therefrom in the plaintiff's favor, and determine whether the complaint, so read, sets forth facts sufficient to justify recovery on any cognizable theory."  TAG/ICIB Servs. v. Pan Am. Grain Co., 215 F.3d 172, 175 (1st Cir. 2000).  The Gazaks are entitled to dismissal of Business Lenders' claims only if it appears to a certainty that Business Lenders could not recover under any set of facts consistent with the allegations set forth in the complaint.  Me. Coast Mem'l Hosp. v. Sargent, ___ F. Supp. 2d ____, 2005 U.S. Dist. LEXIS 8508, *3, 2005 WL 1114346, *1 (D. Me. May 10, 2005).

The Gazaks first contend that Business Lenders has failed to name an indispensable party in interest, which assertion they attempt to bolster with a copy of a mortgage statement from another lender that, evidently, has a mortgage on one of the properties that is subject to this suit, which mortgage is superior to Business Lenders' mortgage.  (Mot. to Dismiss at 2-3.)  This assertion is a non-issue.  Maine law instructs junior mortgagees who foreclose not to join in their foreclosure actions the parties with superior priorities.  14 M.R.S.A. § 6321.  Therefore, the lender whom the Gazaks identify in their motion as having superior priority to Business Lenders in one of the subject properties is not an indispensable party in interest.

The Gazaks' second contention is that Business Lenders' complaint must be dismissed because it has failed to append to its complaint any promissory note or other document tending to establish that each of the defendants potentially has liability to Business Lenders in connection

with the alleged loan. (Mot. to Dismiss at 3.) Based on my review of the complaint and the attached documentary exhibits, I conclude that Business Lenders has stated a claim for which relief *may* be granted, depending on the quality of the parties' subsequent evidentiary presentations. Exhibit A of the complaint appears to be a copy of a power of attorney made by Stephen Gazak on June 16, 2000, appointing Ritanne Cavanaugh Gazak as his attorney-in-fact for purposes of executing all documents necessary to the closing of a $145,000 loan from Business Lenders to Stephen Gazak. Exhibit B appears to be a copy of a June 16, 2000, promissory note signed by Ritanne Cavanaugh Gazak as power of attorney for Stephen Gazak, promising to repay to Business Lenders, LLC, a loan in the principal sum of $145,000. Exhibit C appears to be a copy of a limited guarantee signed by Ritanne Cavanaugh Gazak on June 16, 2000, on behalf on Gazak, LLC, guaranteeing the obligations assumed by Stephen Gazak in connection with the promissory note to the extend of "$50,000 in and to a certain piece or parcel of real property" located in Cape May, New Jersey. Exhibit D appears to be a copy of an unconditional guarantee made by both Stephen Gazak and Ritanne Gazak on June 16, 2000, guaranteeing the same obligation in full and signed by Ritanne Gazak on her own behalf and on behalf of Stephen Gazak in her capacity as his power of attorney. These documents are all central to the plaintiff's claims and the Gazaks have not presented in their opposition any testimony or other evidence that the documents are not authentic.[2] Therefore, they are properly before the court and effectively merge with the complaint. See Watterson v. Page, 987 F.2d 1, 3 (1st Cir. 1993). Together, the allegations set forth in the complaint and the incorporated note,

---

[2] Ritanne Cavanaugh Gazak has filed an affidavit in which she avers that she is "not in receipt of any document which verifies that I have a contract with the named plaintiff in this action." (Aff. of Ritanne Cavanaugh Gazak, Docket No. 7, ¶ 6.) This averment appears to be offered in order to support the Gazaks' position that plaintiff's counsel failed to honor the Gazaks' request for "verification" in accordance with the FDCPA, 15 U.S.C. § 1692g. Even if this assertion were capable of generating a factual contest as to the authenticity of the documents attached to the complaint, that contest would be more appropriately resolved by means of a summary judgment motion.

guarantees and mortgage are sufficient to state a claim for which relief may be granted against *each* defendant.

Finally, the Gazaks contend that Business Lenders' complaint should be dismissed based on plaintiff counsel's alleged failure to comply with the federal Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692 *et. seq.*, by allegedly not providing verification of the debt prior to commencing this action. (Mot. to Dismiss at 6-8.) These plaints are similarly unavailing. The documents incorporated in the complaint reflect that the loan was a United States Small Business Administration loan and therefore strongly suggest[3] that the loan was obtained for business, rather than personal, reasons. The standards and duties set forth in the FDCPA do not extend to efforts to collect on debts unrelated to transactions entered into "primarily for personal, family, or household purposes." 15 U.S.C. § 1692a(5); Bloom v. I.C. Systems, 972 F.2d 1067, 1068 (9th Cir. 2001).

## Conclusion

For the reasons stated herein, I **RECOMMEND** that the court **DENY** the plaintiff's motion to remand (Docket No. 12) and the defendants' motion to dismiss (Docket No. 6).

## NOTICE

---

[3]   Contract language identifying a loan as a commercial or business loan is not necessarily "dispositive of the character of the loan." Shapiro v. Haenn, 222 F. Supp. 2d 29, 40 n.5 (D. Me. 2002). However, Business Lenders cites federal regulations requiring that SBA loans be used exclusively for business purposes. See 13 C.F.R. §§ 120.120 & 120.130(e). The Gazaks have not denied that the loan proceeds were used for business purposes. Nor have they cited any precedent in which an action to collect on a defaulted SBA loan has been evaluated under a summary judgment standard at the pleading stage (through competing affidavits) in order to determine whether the SBA loan was, impermissibly, used for personal, family or household purposes. Additionally, there is some authority that, even if a consumer debt is at issue, an action to collect will not be dismissed on account of a failure to comply with the FDCPA. See Cmty. Sav. Bank v. Dovitski, No. CV93-0528311, 1994 Conn. Super. LEXIS 1094, *3 (Conn. Super. Ct. Apr. 29, 1994) (concluding that failure to comply with FDCPA procedure does not invalidate process); see also Monogram Credit Card Bank of Ga. V. Mata, 757 N.Y.S.2d 676, 678 (N.Y. Civ. Ct. 2002) (denying defendant debtor's motion to dismiss based on failure of creditor's counsel to follow FDCPA verification process, reasoning that the plaintiff lender was not subject to the FDCPA because it did not act as a debt collector and any violation of the FDCPA by its counsel was not relevant to the debt collection action because counsel was not a party to the action).

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, within ten (10) days of being served with a copy thereof. A responsive memorandum shall be filed within ten (10) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

/s/ Margaret J. Kravchuk
U.S. Magistrate Judge

Dated this June 6, 2005