UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | | |
|---|---|---|
| BUSINESS LENDERS, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil No. 05-50-B-C |
| | ) | |
| RITANNE CAVANAUGH GAZAK, | ) | |
| *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**RECOMMENDED DECISION ON PLAINTIFF'S
MOTION FOR SUMMARY JUDGMENT**

On or about February 10, 2005, Business Lenders, LLC commenced an action in the State of Maine District Court to collect a debt owed by Ritanne Cavanaugh Gazak, Doctor Stephen J. Gazak and Gazak, LLC, arising out of a small business loan and related guarantees and to foreclose on two parcels or lots of realty in Machiasport mortgaged by Ritanne Cavanaugh Gazak in connection with the same. The Gazaks removed the case to this Court on the basis of diversity and Business Lenders now moves for summary judgment. Although the Gazaks contested Business Lenders's effort to have this case remanded to Maine District Court, they have failed to oppose Business Lenders's Motion for Summary Judgment. Because the affidavit and exhibits submitted by Business Lenders show that there is no genuine issue as to any material fact and that Business Lenders is entitled to judgment as a matter of law, I recommend that the Court grant the motion.

**Facts**

The following statement of facts is drawn from Business Lenders's Local Rule 56 statement of material fact in accordance with this District's summary judgment practice.  See Doe v. Solvay Pharms., Inc., 350 F. Supp. 2d 257, 259-60 (D. Me. 2004) (outlining the procedure).  Pursuant to Rule 56 of the Federal Rules of Civil Procedure, all evidentiary disputes are to be resolved, for purposes of summary judgment only, in favor of the non-movant.  Merchants Ins. Co. v. United States Fid. & Guar. Co., 143 F.3d 5, 7 (1st Cir. 1998).  However, because the defendants have failed to file any opposition to the pending motion for summary judgment, Business Lenders's factual statements will be deemed admitted "if supported by record citations as required by [Local Rule 56]."  D. Me. Loc. R. 56(f).

Defendant Dr. Stephen J. Gazak applied for a loan from Business Lenders individually and on behalf of his business by application dated April 6, 2000.  (Pl.'s Statement ¶ 1; Application for Business Loan, O'Sullivan Aff. Ex. A.)  The amount of the loan that Dr. Gazak requested from Business Lenders was $145,000.00, with a ten-year repayment term.  (Statement ¶¶ 2-3.)  Business Lenders approved the application and agreed to loan $145,000 to Dr. Gazak.  (Id. ¶¶ 4-5.)  On June 16, 2000, Dr. Gazak executed a Specific Power of Attorney that authorized defendant Ritanne Gazak to make, execute, accept and deliver any contract, paper and other document on behalf of Dr. Gazak in regard to the loan from Business Lenders.  (Id. ¶¶ 6-7; Specific Power Of Attorney, O'Sullivan Aff. Ex. B.)  Acting in her capacity as attorney-in-fact for Dr. Gazak, Ritanne Gazak signed a Note dated June 16, 2000, in the amount of $145,000.00, as well as an Unconditional Guarantee (Dr. Gazak's personal guarantee) dated June 16, 2000, guaranteeing the debt assumed in the subject Note.  (Id. ¶¶ 8-9, 11; Note, O'Sullivan Aff. Ex. C.)  Acting in her personal capacity, Ritanne Gazak signed another Unconditional Guarantee dated

June 16, 2000, (Ritanne Gazak's personal guarantee), also guaranteeing the debt assumed in the subject Note.  (Id. ¶¶ 10, 11.)

In addition to her personal guarantee, Ritanne Gazak executed the Mortgage Deed of premises owned by her located in Machiasport, Maine, in favor of Business Lenders, dated June 16, 2000.  (Id. ¶ 12.)  The Mortgage Deed was recorded on June 26, 2000, in the Washington County Registry of Deeds in Book 2437, Page 253.  (Id. ¶ 13.)  It is a condition of the Mortgage Deed that all payments due from Stephen Gazak under the Promissory Note be paid in accordance with terms of the Note.  (Id. ¶ 14; Mortgage at 1-3, O'Sullivan Aff. Ex. E.)

The last payment of amounts due under the Note was made on April 12, 2004.  (Id. ¶ 16.) Business Lenders notified Dr. Gazak and Ritanne Gazak that the Note is in default and demanded payment pursuant to the terms of the Note and the Unconditional Guarantees.  (Id. ¶ 23.)  Dr. Gazak and Ritanne Gazak did not respond to the notices sent by Business Lenders, LLC, in July 2004.  (Id. ¶ 24.)

As of November 10, 2005, the amount due to plaintiff Business Lenders, LLC, for principal, interest and accrued late fees under the terms of the Note was $77,785.38.  (Id. ¶ 26.) Interest continues to accrue on the defendants' obligation at a daily rate of $12.69 in accordance with the terms of the Note.  (Id. ¶ 27.)  Defendants Dr. Gazak and Ritanne Gazak, separately and together, are obligated under the Note, the Unconditional Guarantee, and the Mortgage to pay all attorney's fees and costs incurred by Business Lenders to collect sums due under the Note, the Mortgage and the Guarantee and to enforce the terms of the said instruments executed by the defendants.  (Id. ¶ 22.)

**Discussion**

"The role of summary judgment is to look behind the facade of the pleadings and assay the parties' proof in order to determine whether a trial is required." Plumley v. S. Container, Inc., 303 F.3d 364, 368 (1st Cir. 2002).  A party moving for summary judgment is entitled to judgment in its favor only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(c).  A fact is material if its resolution would "affect the outcome of the suit under the governing law," and the dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party."  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).  In reviewing the record for a genuine issue of material fact, the Court must view the summary judgment facts in the light most favorable to the nonmoving party and credit all favorable inferences that might reasonably be drawn from the facts without resort to speculation. Merchants Ins. Co. v. United States Fid. & Guar. Co., 143 F.3d 5, 7 (1st Cir. 1998).  If such facts and inferences could support a favorable verdict for the nonmoving party, then there is a trial-worthy controversy and summary judgment must be denied. ATC Realty, LLC v. Town of Kingston, 303 F.3d 91, 94 (1st Cir. 2002).

Business Lenders's complaint recites four counts:

I.      Foreclosure against the Machiasport property

II.     Breach of guarantee (Gazak LLC)

III.    Breach of guarantee (Dr. Gazak)

IV.     Breach of guarantee (Ritanne Cavanaugh Gazak)

The docket reflects that Gazak LLC has been dismissed from the case for failure of Business Lenders to serve process.  (Order of Dismissal, Docket No. 24.)  Accordingly, Count II should be dismissed.

**A.     Foreclosure**

The Mortgage Deed executed by Ritanne Cavanaugh Gazak contains a condition that all payments due from Stephen Gazak under the Promissory Note be paid in accordance with the terms of the Note.  Because the note is in default for non-payment, there has been a breach of condition in the Mortgage.  Accordingly, "a judgment of foreclosure and sale shall issue providing that if the mortgagor, his successors, heirs and assigns do not pay the sum that the court adjudges to be due and payable, with interest within the period of redemption, the mortgagee shall proceed with a sale as provided." 14 M.R.S.A. § 6322.  I recommend that the Court grant summary judgment against Ritanne Cavanaugh Gazak on Count I.

**B.     The Guarantees**

Both Dr. Gazak and Ritanne Cavanaugh Gazak executed personal guarantees in which they promised to pay all amounts due under the Note upon written demand.  (Unconditional Guarantee, O'Sullivan Aff. Ex. D.)  Default under the Note and Business Lenders's presentation of written demand under the Unconditional Guarantee triggered Dr. Gazak's and Ritanne Cavanaugh Gazak's obligations to make payment for the amount due under the Note, which obligation they have breached, according to the undisputed facts.  I recommend that the Court grant summary judgment against the Gazaks on Counts III and IV.

**C.     Attorney's Fees**

The undisputed facts reflect that Business Lenders has a contractual entitlement to recover attorney's fees associated with this action.  I recommend that the Court address the

request for an award of attorney's fees in the context of an application for fees filed in accordance with Local Rule 54.2.

## Conclusion

For the reasons set forth herein, I **RECOMMEND** that the Court **GRANT** the Motion for Summary Judgment (Docket No. 26) filed by Business Lenders and enter judgment against Ritanne Cavanaugh Gazak on Counts I and IV and against Dr. Stephen Gazak on Count III (Count II should be dismissed because Gazak, LLC, is no longer a party. I further recommend that the Court instruct Business Lenders to file a form order of foreclosure and sale concerning the subject property.

<u>NOTICE</u>

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, and request for oral argument before the district judge, if any is sought, within ten (10) days of being served with a copy thereof. A responsive memorandum and any request for oral argument before the district judge shall be filed within ten (10) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.


/s/ Margaret J. Kravchuk
U.S. Magistrate Judge

Dated:  December 13, 2005