UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| BUSINESS LENDERS, LLC,           )<br>                    Plaintiff          )<br>        v.                                      )<br>                                                  )<br>RITANNE CAVANAUGH GAZAK, et al.  )<br>                    Defendants     )<br>                                                  ) | CIVIL NO. 05-CV-50 |

## ORDER OF FORECLOSURE AND SALE

1. The parties to this action and their counsel, if applicable, are:

   A.  Business Lenders, LLC, Plaintiff
       15 Lewis Street
       Hartford, CT  06103

       Jonathan B. Huntington, Esq.
       Eaton Peabody
       Attorney for Plaintiff
       77 Sewall Street, Suite 3000
       P.O. Box 5249
       Augusta, Maine  04330-3000

       John R. Canders, Esq.
       Eaton Peabody
       Attorney for Plaintiff
       P.O. Box 1210
       Bangor, Maine  04402-1210

   B.  Stephen J. Gazak, M.D., Defendant
       2415 Old Forty Foot Road
       Harleysville, PA  19438

       Ritanne Cavanaugh Gazak, Defendant
       2415 Old Forty Foot Road
       Harleysville, PA  19438

2. The docket number is 05-CV-50.

3.  Upon motion for summary judgment by the plaintiff and after entry of judgment against defendants Stephen J. Gazak and Ritanne Cavanaugh Gazak pursuant to that motion on February 21, 2006, the court finds as follows:

A.  Defendants Stephen Gazak and Ritanne Cavanaugh Gazak have breached the terms of the Note, Unconditional Guarantee and Mortgage Deed as determined in the Report and Recommended Decision adopted by the court by order dated February 17, 2006.

B.  All parties to this action have received notice in accordance with the applicable provisions of the Federal Rules of Civil Procedure.

C.  The real estate involved in this action, together with any buildings and improvements thereon, is described as follows:

> Certain lots or parcels of land together with the improvements thereon situated in Machiasport, Washington County, State of Maine, bounded and described as follows:
>
> FIRST LOT:  Beginning at the southeast corner of land formerly occupied by James Robinson and running westerly by said Robinson lot 101 feet to a common passageway 16 feet wide; thence southerly by said passageway 144 feet to a post; thence easterly 101 feet to land formerly of Samuel Small; thence north by said Samuel Small's land 144 feet to the place of beginning.
>
> SECOND LOT:  Bounded on the east by the lot above described; bounded on the south by the State Aid Road; bounded on the west by a passageway 16 feet wide; and bounded on the north by the lot above described.

D.  The plaintiff holds a valid and enforceable mortgage on the real estate described above under the Mortgage Deed from defendant Ritanne Cavanaugh Gazak dated June 16, 2000.

E.  Defendant Ritanne Cavanaugh Gazak has breached the condition of plaintiff's mortgage dated June 16, 2000, and recorded in the Washington County Registry of Deeds in Book 2437, Page 253, which mortgage secures the aforesaid promissory note.

F.  The plaintiff is due the following from the defendants:

|  |  |
|---|---:|
| Principal | $68,645.52 |
| Interest to November 10, 2005 | 7,312.16 |
| Late charges | 1,527.70 |
| Appraisal fee | 300.00 |
| Per diem interest @ $12.69 x 103 days | 1,307.07 |
| Total principal, interest, late charges and appraisal fees to February 21, 2006 | **$79,092.45** |

Additional interest shall accrue on the principal balance from February 22, 2006, to payment at a rate of 4.70% *per annum* pursuant to Title 28 U.S.C. §1961(a).

  G. The plaintiff is entitled to add its attorney's fees and costs related to enforcement of the provisions of the Note, Unconditional Guarantee and Mortgage Deed to the amount of the judgment established in this Order and now due from the defendants. The amount of the attorney's fees and costs to be added to the above amount due and to which statutory interest shall accrue as of the date of entry of the judgment will be determined by the court pursuant to Local Rule 54.2 upon submission by counsel for the plaintiff of an affidavit of fees and costs.

  IT IS HEREBY ORDERED THAT judgment in the amount of **$79,092.45** is entered against each of the two defendants, Stephen Gazak and Ritanne Cavanaugh Gazak, in favor of the plaintiff. It is further ORDERED and DECREED that if defendants Stephen Gazak or Ritanne Cavanaugh Gazak, or their heirs or assigns, do not pay the plaintiff the principal amount due, together with accrued interest, counsel fees and costs established by the court, and other charges properly payable under this Order or Title 14 M.R.S.A. §§6321 *et seq.*, within ninety (90) days of the date hereof, plaintiff shall sell defendant Ritanne Cavanaugh Gazak's real estate described above, pursuant to Title 14 M.R.S.A. §§6321, *et seq.*, and disburse the proceeds of said sale, after deducting the expenses of sale, as follows: <u>first</u>, to any parties having a priority

interest in the foreclosed property; <u>second</u>, to the plaintiff in the total amount of this judgment, plus attorney's fees and costs of collection as determined by the court after timely application by the plaintiff, plus accrued interest to the date of the sale; and <u>last</u>, the surplus, if any, to defendant Ritanne Cavanaugh Gazak.

In the event that the defendants shall fail to redeem the property within the period of redemption and in accordance with the terms of this Order, any remaining right of defendant mortgagor, and all other occupants, to possession of the property described in this Order shall terminate upon expiration of the period of redemption.  In any event, the plaintiff shall be entitled to possession of the property upon expiration of the period of redemption and pending the public sale pursuant to Title 14 M.R.S.A. § 6323, and defendant and all other occupants are hereby ordered to vacate the real estate at that time.  Upon request of the plaintiff at any time after ninety (90) days from the entry of judgment on February 21, 2006, the clerk shall issue a writ of possession to plaintiff for the property if it is not redeemed.

Acceptance of partial payment of the defendants' indebtedness and application to the defendants' indebtedness of any funds or proceeds, including, without limitation, any insurance proceeds, rents, or profits from the property or realization of proceeds from the exercise of rights under Article 9 of the Uniform Commercial Code at any time before or after the date of this judgment, does not and shall not constitute a waiver of any of plaintiff's rights in this action.

An execution shall issue against the defendants for any deficiency, provided that the statutory requirements are met.

Plaintiff shall be responsible for recording an attested copy of this Order together with the Judgment of this Court dated February 21, 2006, and defendants shall be responsible for payment of the appropriate recording fees.

The Clerk is directed to enter this Order on the docket by reference.

/s/ Gene Carter,  
GENE CARTER  
Senior United States District Judge

Dated this 6th day of March, 2006.